# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LEVON DAVIS, <br>       Petitioner, <br> v. <br> SWARTHOUT, <br>       Respondent. | No. CV 11-5702-SVW (SH) <br><br> MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections and Rehabilitation, appears to challenge a 2009 decision of the Board of Parole Hearings ("BPH") finding petitioner unsuitable for parole.

On July 12, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. On July 14, 2011, petitioner filed a Supplemental Memorandum of Points and Authorities in Support of the Petition. ("Supplemental Memorandum").

## II. BACKGROUND

In 1992, petitioner was convicted in Los Angeles County Superior Court of one count of second degree murder, with a weapon enhancement. Petitioner was sentenced to state prison for 20 years to life. (See Petition, Attachment [August 13, 2009 parole suitability hearing] at 1). According to petitioner, his minimum parole eligibility date was August 12, 2005. (See Petition, Memorandum at 14).

On August 13, 2009, the BPH conducted petitioner's parole suitability hearing.[1] The BPH denied petitioner parole for a period of seven years. (See Petition, Attachment [August 13, 2009 parole suitability hearing]).

Petitioner filed petitions for writ of habeas corpus in the California Court of Appeal and the California Supreme Court.[2] The California Court of Appeal denied his habeas petition on July 21, 2010. (See Petition, Attachment [California Court of Appeal July 21 2010 Order]). The California Supreme Court summarily denied his habeas petition without citation of authority on December 15, 2010. (See Petition, Attachment [California Supreme Court December 15, 2010 Order]).

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1] It is not clear to the Court how many parole suitability hearings petitioner had prior to the 2009 parole suitability hearing.

[2] It is unclear whether petitioner also filed a petition for writ of habeas corpus with the Los Angeles County Superior Court. Petitioner did not specify when he filed his state habeas petitions (he did not use the standard Central District habeas form), and he did not provide the Court with copies of his state habeas petitions.

proceeding." 28 U.S.C. § 2254(d).

The term "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); see also Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("clearly established Federal law" consists of holdings, not dicta, of Supreme Court decisions "as of the time of the relevant state-court decision"). However, federal circuit law may still be persuasive authority in identifying "clearly established" Supreme Court law or in deciding when a state court unreasonably applied Supreme Court law. See Tran v. Lindsey, 212 F.3d 1143, 1154 (9th Cir.), cert. denied, 531 U.S. 944 (2000).

A state court decision is "contrary to" clearly established federal law established law if the decision applies a rule that contradicts the governing Supreme Court law or reaches a result that differs from a result the Supreme Court reached on "materially indistinguishable" facts. Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam); Williams v. Taylor, supra, 529 U.S. at 405-06. When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." Williams, supra, 529 U.S. at 406. However, the state court need not cite the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early, supra.

A state court decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, supra, 529 U.S. at 413; Woodford v. Visciotti, 537 U.S. 19, 24-27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam). A federal habeas court may not overrule a state court decision based on the federal court's independent determination that the state court's application of governing law was incorrect, erroneous or even "clear error." Lockyer, supra, 538 U.S. at 75. Rather, a decision may be rejected only if the

state court's application of Supreme Court law was "objectively unreasonable." Id.; Woodford, supra; Williams, supra; see also Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004)("objectively unreasonable" standard also applies to state court factual determinations).

When reviewing cases challenging parole suitability determinations, a federal court's decision regarding whether inmates denied parole received due process is a limited inquiry: whether petitioner "was allowed to be heard and was provided a statement of the reasons why parole was denied." Swarthout v. Cooke, 131 S.Ct. 859, 862-63, 178 L.Ed.2d 732 (2011) ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.").

## IV.  DISCUSSION

### A.  Petitioner's claim(s) are not cognizable on federal habeas review.

As best the Court can glean from petitioner's allegations, petitioner contends that the BPH's 2009 decision finding petitioner unsuitable for parole was not based on "some evidence" that he currently poses an unreasonable risk to public safety.  (See Petition, Memorandum at 2-6, 13-36; Supplemental Memorandum at 1-3).[3]

Petitioner's claim(s) are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, supra ("[I]t is no federal concern here whether California's "some evidence" rule of judicial review . . . was correctly applied."); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 71

---

[3] The Petition and Supplemental Memorandum contain various and rambling allegations concerning ex post facto, confrontation of witnesses, equal protection, cruel and unusual punishment, and state statutory violations with respect to petitioner's 2009 parole hearing.  Those unintelligible allegations are not construed as separate claims.

L.Ed.2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.)("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus."), cert. denied, 522 U.S. 881 (1997).

To the extent that petitioner is attempting to challenge his 1992 second degree murder conviction (see Supplemental Memorandum at 2, 4-8, Exhibits), the Petition should be dismissed as an unauthorized successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A).[4]

## V. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be denied, and that this action be dismissed with prejudice.

DATED: October 12, 2011

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:
Dated:

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner's habeas petition challenging the same 1992 conviction, filed herein on September 6, 1996 (Case Number CV 96-06292-SVW (SH)), was denied with prejudice on April 2, 1997.
Petitioner's habeas petition challenging the same 1992 conviction, filed herein on December 7, 2007 (Case Number CV 07-7980-SVW (SH)), was dismissed as an unauthorized successive petition on April 24, 2008.